IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| ANTONIO TASTE, ) | |
| ) | |
| Petitioner, ) | |
| ) | 1:12CV731 |
| v. ) | 1:07CR280-1 |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Petitioner Antonio Taste, a federal prisoner, has brought a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [1:07CR280-1, Doc. #27]. On October 3, 2007, Petitioner was convicted of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). He was then sentenced to 180 months of imprisonment as an Armed Career Criminal. Petitioner later filed the present Motion.

Petitioner raises a single claim for relief in his § 2255 Motion, contending that his sentence is invalid in light of the decision of the Court of Appeals for the Fourth Circuit in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011), because his sentence as an Armed Career Criminal was based on state convictions that were not punishable by more than one year of imprisonment. In what was docketed as a Supplement [Doc. #32] to that Motion, Petitioner also alleges ineffective assistance of counsel for not challenging the sentencing enhancement. The Government filed a Response to Petitioner's § 2255 Motion conceding, based on Simmons, that four breaking and entering convictions from North Carolina which were listed in the Indictment would no longer be convictions for "a violent felony or a serious drug offense, or

both, committed on occasions different from one another" to support the Armed Career Criminal enhancement. See 18 U.S.C. § 924(e) (providing that an Armed Career Criminal 15-year mandatory minimum sentence applies if a person violates 18 U.S.C. § 922(g) as a felon in possession of a firearm and has three previous convictions for "a violent felony or a serious drug offense, or both, committed on occasions different from one another"). The Government takes the position that only one of the prior convictions listed in the Indictment as supporting the Armed Career Criminal enhancement, specifically, a South Carolina conviction for strong-arm robbery, still qualifies as a predicate felony conviction even after Simmons. Ultimately, the Government takes the position that relief should be granted pursuant to 28 U.S.C. § 2255, and requests that the Court vacate Petitioner's sentence and set this matter for resentencing.

As part of this concession, the Government has further affirmatively waived any statute of limitations defense that might otherwise apply.[1] Petitioner has filed a Reply, agreeing that his sentence should be vacated and that this matter should be set for resentencing. The parties thus agree that pursuant to the § 2255 Motion, Petitioner should be resentenced.[2]

---

[1] The Court construes this concession as a waiver of any waivable defenses that might otherwise apply, and the Court will proceed on the basis of that waiver. See Day v. McDonough, 547 U.S. 198, 202 (2006) (holding that it would be "an abuse of discretion to override a State's deliberate waiver of a limitations defense"); Wood v. Milyard, 132 S. Ct. 1826, 1830 (2012) ("A court is not at liberty, we have cautioned, to bypass, override, or excuse a State's deliberate waiver of a limitations defense."); see also Yeatts v. Angelone, 166 F.3d 255, 261 (4th Cir. 1999) ("[T]he issue of procedural default generally is an affirmative defense that the state must plead in order to press the defense thereafter.").

[2] Thus, the Government has taken the position that Simmons applies on collateral review under 28 U.S.C. § 2255 and that the claims raised here are cognizable in these proceedings, at least with respect to defendants who were sentenced as Armed Career Criminals, but who would not have the requisite predicate offenses in light of Simmons and, therefore, would be serving a sentence greater than the statutory maximum that should apply. See United States v. Hall, 1:08CR292-1 (M.D.N.C. Oct. 20, 2012) (vacating Armed Career Criminal sentence and setting matter for resentencing based on Government's concession in light of Simmons).

In considering this Motion, the Court has reviewed Petitioner's state court judgment for his March 9, 2007 North Carolina convictions for breaking and entering, and notes that those offenses were Class H felonies with a prior record level of II. Based on this, the maximum sentence Petitioner faced under North Carolina law for those convictions, as analyzed in Simmons, was less than 12 months. See N.C. Gen. Stat. § 15A-1340.17(c) and (d) (for offenses committed between Dec. 1, 1995 and Nov. 30, 2009); see also United States v. Cook, 457 F. App'x 285 (4th Cir. 2011) (applying Simmons to the determination of whether predicates were properly counted for purposes of § 924(e)). Thus, only one of the predicate offenses listed in the Indictment still qualifies as an ACCA predicate.[3]

Therefore, based on this determination, and based on the concession by the Government that Petitioner is entitled to sentencing relief under § 2255, the Court will recommend that Petitioner's Motion to Vacate, Set Aside or Correct Sentence be granted as to his Simmons claim, that Petitioner's sentence be vacated, and that this matter be set for resentencing.[4]

---

[3] Respondent has given notice that it believes that Petitioner is still an Armed Career Criminal based on convictions from the State of Massachusetts which were not listed in the Indictment but were included in the Presentence Report. However, because Petitioner had no opportunity or reason to contest those convictions at the time of his original sentencing, Respondent still agrees that resentencing is appropriate. The impact of the Massachusetts convictions can be assessed at resentencing.

[4] This moots Petitioner's ineffective assistance claim that he raised in his Supplement and it need not be addressed further.

IT IS RECOMMENDED that Petitioner's Motion [Doc. #27] under 28 U.S.C. § 2255 be GRANTED as to Petitioner's <u>Simmons</u> claim, that Petitioner's sentence be VACATED, and that this matter be set for resentencing in light of the Government's concession.

This, the 19th day of March, 2014.

                                                  <u>/s/ Joi Elizabeth Peake</u>
                                                  United States Magistrate Judge